Peter A. Romero, Esq.
FRANK & ASSOCIATES, P.C.
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAXIMINO RIVERA, and all other non-exempt
employees similarly situated,

                    Plaintiff,

-against-

HARVEST BAKERY INC., ROBERT MARCONTI,
and JOSE GONZALEZ,

                    Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  FEB - 6 2013  ★

LONG ISLAND OFFICE

**SUMMONS ISSUED**

CV- **13  0691**

**COLLECTIVE
AND CLASS ACTION
COMPLAINT**

**SPATT, J.**

**BROWN, M. J.**

Plaintiff MAXIMO RIVERA, by his attorneys, Frank & Associates, P.C., for his Collective and Class Action Complaint against Defendants HARVEST BAKERY INC., ROBERT MARCONTI, and JOSE GONZALEZ., alleges as follows:

### PRELIMINARY STATEMENT

1. As part of their regular business practice, the Defendant HARVEST BAKERY INC. ("HARVEST"), and its principal owners, Defendants ROBERT MARCONTI and JOSE GONZALEZ, have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), the New York Labor Law Article 19, §650 et seq., and

the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law") with respect to Plaintiff and similarly situated employees.

2. This policy and pattern or practice includes, but is not limited to, willfully failing to record all of the time that Plaintiff and similarly situated employees worked for the benefit of the Defendants; willfully failing to pay Plaintiff and similarly situated employees overtime wages for hours they worked in excess of 40 hours per week; failing to pay Plaintiff and similarly situated employees one additional hour of pay at the basic minimum wage rate for spread-of -hours pay; denying Plaintiff and similarly situated employees time off for meals and breaks; and failing to provide Plaintiff and similarly situated employees with notice of their rate of pay and the basis of their rate of pay.

## NATURE OF THE ACTION

3. The Defendants own and operate a commercial bakery located in Central Islip, New York. Plaintiff performed non-exempt work for the Defendants, including the packaging of bread for wholesale distribution. Plaintiff regularly worked 90 hours each workweek, but was not paid overtime in violation of the FLSA and New York Labor Law.

4. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendants who performed non-exempt work at Defendants' bakery to recover unpaid overtime wages for hours worked in excess of forty hours in a single workweek.

5. Plaintiff seeks to recover unpaid minimum and overtime wages Defendants owe him and similarly situated current and former employees. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"),

on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid minimum and overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

9. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 101A Windsor Place, Central Islip, New York 11772.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391, since a substantial part of the events or omissions giving rise to the claims occurred in this District.

11. The annual gross business volume of Defendants' business is at least $500,000.00.

## THE PARTIES

12. The Plaintiff, MAXIMINO RIVERA ("RIVERA"), is a resident of the County of Suffolk, State of New York.

13. At all times relevant to the complaint, Plaintiff, RIVERA, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

14. The Plaintiff, RIVERA, was employed by the Defendants from in or about July 2010 until in or about November 2012 at HARVEST BAKERY INC. located at 101A Windsor Place, Central Islip, New York 11772

15. The Plaintiff, RIVERA, performed non-exempt duties for the Defendants. Plaintiff's primary job duty was packaging breads for wholesale distribution.

16. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

17. Upon information and belief, Defendant HARVEST BAKERY INC. was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at business located at 101 Windsor Pl. Central Islip, N.Y. 11752.

18. At all times relevant, Defendant, HARVEST BAKERY INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

19. Upon information and belief, the Defendant ROBERT MARCONTI, owns and/or operates HARVEST BAKERY INC.

20. Upon information and belief, the Defendant ROBERT MARCONTI, is the President or Chief Executive Officer of HARVEST BAKERY INC.

21. Upon information and belief, the Defendant ROBERT MARCONTI, is a shareholder of the Defendant HARVEST BAKERY INC.

22. Upon information and belief, the Defendant, JOSE GONZALEZ, supervised employees of the Defendant, HARVEST BAKERY INC.

23. Upon information and belief, the Defendant, ROBERT MARCONTI, has authority to make payroll and personnel decisions for the Defendant HARVEST BAKERY INC.

24. At all times hereinafter mentioned, the Defendant, ROBERT MARCONTI, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

25. Upon information and belief, the Defendant, JOSE GONZALEZ, owns and/or operates HARVEST BAKERY INC.

26. Upon information and belief, the Defendant, JOSE GONZALEZ, is the President or Chief Executive Officer of HARVEST BAKERY INC.

27. Upon information and belief, the Defendant, JOSE GONZALEZ, is a shareholder of the defendant HARVEST BAKERY INC.

28. Upon information and belief, the Defendant, JOSE GONZALEZ, supervised employees of the defendant, HARVEST BAKERY INC.

29. Upon information and belief, the Defendant, JOSE GONZALEZ, has authority to make payroll and personnel decisions for the defendant HARVEST BAKERY INC.

30. At all times hereinafter mentioned, the Defendant, JOSE GONZALEZ, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

31. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

32. At all times hereinafter mentioned, the activities of the Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. §203(r) & (s).

33. At all times hereinafter mentioned, Defendants employed employees, including the Plaintiff herein, who regularly engaged in commerce of in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (g), (i), (j), (r) & (s).

34. The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the Defendants.

## FACTS

35. The Plaintiff was employed by Defendants from in or about June 2010 until in or about November 2012. Plaintiff performed non-exempt duties, including the packaging of breads for wholesale distribution.

36. Throughout the course of his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

37. From in or about June 2010 through September 2012, Plaintiff regularly as many as 12 hours each day without a meal break.

38. From in or about 2010 to in or about 2012, Plaintiff regularly worked at least ninety hours per week and was paid a weekly salary that ranged between $230.00 and $400.00. Plaintiff's regular hourly rate during this period ranged between approximately $3.00 and $6.00, far below the statutory minimum wage.

39. From in or about September 2012 to November 2012, Plaintiff worked approximately forty hours per week and was paid a weekly salary that ranged between $230.00 and $320.00. Plaintiff's regular hourly rate during this period ranged between approximately $5.75 and $8.00, usually below the statutory minimum wage.

40. Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) each week.

41. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which he was required to work more than ten (10) hours.

42. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the New York Labor Law by failing to keep accurate time sheets, payroll records and post compliance posters.

43. Defendants are aware or should have been aware that federal and state law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

44. Defendants' failure to pay Plaintiff overtime wages for hours worked by him in excess of 40 hours per week was willful.

45. Defendants' refusal and/or failure to pay overtime and spread of hours pay was knowing and willful.

46. Defendants failed to provide Plaintiff notice of his pay rate, designated pay day, and the basis of wage payment, the physical address of Defendants' principal place of business, telephone number of the employer, and other information required by §195 of the New York Labor Law.

47. Defendants denied Plaintiff time off for meals and breaks. Plaintiff received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the twenty minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION ALLEGATIONS

48. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

49. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

50. Plaintiff, MAXIMINO RIVERA seeks to proceed as a collective action with regard to the First and Third Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated non-exempt employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who performed non-exempt duties at HARVEST BAKERY, including but not limited to bakers, baker's assistants, packagers and sellers.

51. The First and Third Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

52. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

53. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

54. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

55. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

56. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether the New York Class Representatives and Rule 23 Class are non-exempt employees entitled to premium compensation for hours worked in excess of forty (40) hours per week;

    (b) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

    (c) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

    (d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages;

    (e) Whether Defendants failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and

the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(f) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(g) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the wage and hour laws.

57. The claims of the Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

58. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

59. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

60. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

61. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

62. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FOR FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

63. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

65. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the Defendants.

66. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

67. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

68. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

69. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## FOR FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE NEW YORK STATE LABOR LAW

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the New York State Labor Law.

72. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the Defendants.

73. Defendants failed to pay Plaintiff overtime wages to which he was entitled under the New York State Labor Law.

74. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they willfully violated the New York State Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

75. As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

76. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the Defendants as provided by the New York Labor Law.

## THIRD CLAIM FOR RELIEF
## FOR FAILURE TO PAY THE FEDERAL MINIMUM WAGE
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

77. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff MAXIMINO RIVERA was Defendants' employee within the meaning of 29 U.S.C. §203(e)(1).

79. At all times relevant, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. §203(d).

80. At all times relevant, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §206(a).

81. At all times relevant, the applicable federal minimum wage is codified by 29 U.S.C. 206(a)(1).

82. Defendants willfully failed to pay Plaintiff the minimum wages for hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §206(a).

83. As a consequence of the willful underpayment of wages, Plaintiff is entitled to the unpaid minimum wages, liquidated damages and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF FOR
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## NEW YORK LABOR LAW

84. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant to this action, the state minimum wage was $5.15 per hour, on and after March 31, 2000; $6.00 per hour on and after January 1, 2005; $6.75

per hour on and after January 1, 2006; and $7.15 per hour on and after January 1, 2007, as codified by New York Labor Law §652(1).

86.  Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for the first forty hours of work performed each week, in violation of Labor Law §650 et seq.

87.  Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid regular wages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## FOR FAILURE TO PAY SPREAD OF HOURS
## IN VIOLATION OF 12 NYCRR §142-2.4

88.  Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

89.  Defendants failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§650 et seq. and 12 NYCRR §142-2.4.

90.  Defendants' failure to pay Plaintiff an additional hour pay for each day Plaintiff's spread of hours exceeded ten (10) was willful.

91.  As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants' amounts to be proven at trial for his unpaid spread of hours pay, liquidated damages, reasonable attorney's fees, and costs of this action.

## SIXTH CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW § 195

92. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiff with notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by §195 of the Labor Law.

94. Due to Defendants' failure to provide Plaintiff with the notice required by § 195 of the Labor Law, Plaintiff is entitled to damages of $2,500.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iii) Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

 (v) Unpaid overtime and spread of hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

 (vi) Damages pursuant to New York State Labor Law §195;

 (vii) All attorneys' fees and costs incurred in prosecuting these claims; and

 (viii) Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
January 31, 2013

**FRANK & ASSOCIATES, P.C.**

By: _____
Peter A. Romero (PR-1658)
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*