```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAXIMINO RIVERA, and all other non-
exempt similarly situated employees,
and MIGUEL ROLDAN,

                Plaintiffs,
                                                **ORDER**
        -against-                               CV 13-00691 (ADS) (GRB)

HARVEST BAKERY INC., ROBERT
MARCONTI, and JOSE GONZALEZ,

                Defendants.
----------------------------------------------------------X
```
**GARY R. BROWN, United States Magistrate Judge:**

Plaintiff Maximino Rivera ("Rivera") and opt-in plaintiff Miguel Roldan ("Roldan") (collectively, "plaintiffs") brought this action against Harvest Bakery, Inc., Robert Marconti, and Jose Gonzalez (collectively "defendants"). Plaintiffs, who were Harvest Bakery employees, allege that defendants violated the Fair Labor Standards Act ("FLSA") and similar New York labor laws by failing to pay overtime wages when their employees worked more than 40 hours per week. *See generally* Compl., Feb. 6, 2013, Docket Entry ("DE") [1]; Motion for Conditional Certification of a Class Action ("Mot.") 1-2, Nov. 8, 2013, DE [16].

On, November 8, 2013, plaintiffs filed a motion for conditional certification of this lawsuit as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b). *See generally* Mot. Defendants filed an opposition to plaintiffs' motion on February 7, 2014, to which plaintiffs filed a reply. *See generally* Opposition to Pl.'s Mot. ("Opp'n"), DE [22-5]; Pl.'s Reply ("Reply"), Feb. 7, 2014, DE [21].

For the reasons that follow, the motion for conditional certification as a collective action is GRANTED.

**BACKGROUND**

Plaintiffs allege the following: Plaintiffs worked at Harvest Bakery, a business in Central Islip, New York. *See* Compl. ¶¶ 1, 17-19, 35; Mot. 1-3. Rivera regularly worked in excess of 40 hours a week from June 2010, through November 2012. Compl. ¶¶ 35-36. From approximately June 2010, through September 2012, he regularly worked as many as 12 hours each day with no meal breaks. *Id.* ¶¶ 36-37. His primary duties included non-exempt tasks, such as baking and packaging bread, cleaning and washing bakeware, mopping and cleaning the premises, and unloading truck deliveries. Declaration of Maximino Rivera ("Rivera Decl.") ¶ 4, Nov. 8, 2013, DE [15-1].

Roldan, another Harvest Bakery employee, also typically worked more than 40 hours a week, from June 2011, to June 2013. Declaration of Miguel Roldan ("Roldan Decl.") ¶¶ 3, 5-6, Nov. 8, 2013, DE [15-3]. His primary duties were similar to those of Rivera: decorating and packaging bread and cookies, operating a machine that wrapped bread and cookies, cleaning and washing bakeware, mopping and cleaning the premises, and unloading truck deliveries. *Id.* ¶ 4. In addition, Roldan's and Rivera's native language is Spanish. Roldan Decl. ¶ 12; Rivera Decl. ¶ 12.

Plaintiffs allege that defendants failed to pay plaintiffs and other non-exempt employees overtime wages for all hours worked in excess of 40 hours a week. Compl. ¶ 40; Mot. 1-2. Plaintiffs also identify some of these other non-exempt employees, in some instances, only by their first names. Roldan Decl. ¶¶ 7-9; Rivera Decl. ¶¶ 7-9. Plaintiffs now seek to conditionally certify a class comprising "[a]ll non-exempt employees of Defendants . . . who performed duties, including but not limited to, assisting in packing and baking, cleaning bake-ware, maintaining and cleaning the premises, and unloading truck deliveries." *See* Mot. 2.

Defendants argue that they properly paid their employees. Opp'n 2. Defendants also claim that there was no policy or plan to unlawfully withhold overtime wages and that plaintiffs' motion rests on "self-serving" declarations. Opp'n 5-6. Lastly, defendants contend that plaintiffs' failure to cite, in their declarations, some of the last names of potential class members "speaks to the amount of knowledge Plaintiffs actually possess with regard to the duties and hours worked by" the other Harvest Bakery employees. *Id.*

## DISCUSSION

<u>Overtime Compensation</u>

The FLSA mandates the following:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Defendants do not claim that plaintiffs or other Harvest Bakery employees are exempt employees. *See generally* Opp'n.

<u>Two-Step Certification of a Collective Action</u>

Under 29 U.S.C. § 216(b), plaintiffs in this action may proceed "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This is known as a "collective action." *See Myers v. Hertz Corp.*, 624 F.3d 537, 543 (2d Cir.2010); *Ahmed v. T.J. Maxx Corp.*, 10-CV-3609, 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013).

A collective action under the FLSA is different from a typical class action under the Federal Rules of Civil Procedure, the strict requirements of which—numerosity, commonality, typicality, and adequate representation—do not apply to a collective action. *Puglisi v. TD Bank, N.A.*, 13-CV-00637, 2014 WL 702185, at *2 (E.D.N.Y. Feb. 25, 2014); *see also* Rule 23.

Moreover, in a FLSA collective action, the potential class members must affirmatively "opt in" to the class. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ----, 133 S. Ct. 1523, 1530 (2013).

The Second Circuit has recognized the procedure for conditional certification, which evolved through decisions by the district courts:

> Although they are not required to do so by FLSA, district courts "have discretion, in appropriate cases, to implement [§ 216(b) ] . . . by facilitating notice to potential plaintiffs" of the pendency of the action and of their opportunity to opt-in as represented plaintiffs. In determining whether to exercise this discretion in an "appropriate case[ ]," the district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible. The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. The court may send this notice after plaintiffs make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." In a FLSA exemption case, plaintiffs accomplish this by making some showing that "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions," on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme. The "modest factual showing" cannot be satisfied simply by "unsupported assertions," but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether "similarly situated" plaintiffs do in fact exist. At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

*Myers*, 624 F.3d at 554-55 (alterations and ellipses in original) (citations and footnotes omitted).

Conditional certification "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a

4

collective action only by filing written consent with the court." *Genesis Healthcare*, 133 S. Ct. at 1530 (internal quotation marks and citation omitted).

Application of the First Step Analysis

The undersigned finds that plaintiffs, for the purposes of this first step, have met their minimal burden of showing that they and other non-exempt Harvest Bakery employees are similarly situated. *See Puglisi*, 2014 WL 702185, at *3-4; *Jenkins v. TJX Cos. Inc.*, 853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012).

There is sufficient evidence to satisfy the minimal burden of showing that plaintiffs and the other potential class members are similarly situated. Plaintiffs' sworn statements indicate that plaintiffs and other non-exempt Harvest Bakery employees typically worked more than 40 hours per week, and that their job duties included non-exempt tasks, such as packaging bread, washing bakeware, cleaning the premises, and unloading truck deliveries. Rivera Decl. ¶¶ 3-11; Roldan Decl. ¶¶ 3-11. Plaintiffs also identify some of these similarly situated employees by name. Roldan Decl. ¶¶ 7-9; Rivera Decl. ¶¶ 7-9.

Even though these employees were non-exempt and typically worked more than 40 hours per week, they were not paid overtime wages for these excess hours. Rivera Decl. ¶¶ 7-11; Roldan Decl. ¶¶ 7-11. In fact, at least as to plaintiffs, defendants acknowledge that plaintiffs were not paid overtime wages for hours worked in excess of forty hours per week (though they contend that plaintiffs did not work overtime hours). Defs.' Resp. to Pl.'s Eleventh Interrog., DE [15-2]; Opp'n 1-2. And, according to plaintiffs' sworn statements, defendants did not provide earning statements to any of their employees. Rivera Decl. ¶ 7; Roldan Decl. ¶ 7. All potential opt-in plaintiffs worked for the same employer, Harvest Bakery, and were also allegedly

deprived of overtime wages. Rivera Decl. ¶¶ 3-11; Roldan Decl. ¶¶ 3-11. Notably, defendants did not submit any of their own employee affidavits to contest plaintiffs' claims.

Defendants argue that plaintiffs' declarations are "self-serving" and that plaintiffs' declarations cannot establish that defendants implemented a policy or plan that violated the law. Opp'n 6. However, when considering motions for conditional certification, courts "routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *See Wraga v. Marble Lite, Inc.*, 05-CV-5038, 2006 WL 2443554, at *2 (E.D.N.Y. 2006).

Defendants also contend that plaintiffs lack knowledge in regard to the duties and hours of other employees because plaintiffs have not provided some of the last names of these other employees. Opp'n 6. It is inconceivable that the failure to list all the last names of similarly situated employees could be fatal to their motion. Several employees' last names have already been indicated, and plaintiffs cannot be expected to remember the last names of every similarly situated employee—data which will certainly emerge during the notification process.

It should be noted that after the notification process, the Court "will conduct a more searching factual inquiry as to whether the class members are truly similarly situated," an inquiry that occurs at the second step of a collective action. *See Jenkins*, 853 F. Supp. 2d at 320-21. The Court can, at the second step, decertify the class or divide it into subgroups. *Myers*, 624 F.3d at 554-55; *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998). At this first step, however, plaintiffs have satisfied their minimal burden.

<u>Method of Notification</u>

Plaintiffs propose that the collective action notifications be sent to all non-exempt employees who worked for Harvest Bakery within the past six years because plaintiffs' state

6

labor claims have a six-year statute of limitations. Mot. 8-9; *see also* N.Y. Labor Law § 198(3). Defendants argue that notifications should be sent to non-exempt employees that worked for Harvest Bakery only within the last three years because FLSA's statute of limitations is, at most, three years. Opp'n 8-9; *see also* 29 U.S.C. § 255(a) (setting a three-year statute of limitations for "willful" violations of FLSA).

Multiple courts in the Eastern District "have held that where a case involves both [New York labor law] and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely [state] claims." *Cohan v. Columbia Sussex Mgmt.*, 12-CV-3203, 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013) (collecting cases). In light of such considerations, notification shall be sent to employees who worked for defendants within the past six years.

<u>Disclosure of Names, Addresses, Telephone Numbers, and Dates of Employment</u>

Plaintiffs seek the names, addresses, telephone numbers, and dates of employment of defendants' non-exempt current and former employees. "In regard to requests for names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment, courts often grant this kind of request in connection with a conditional certification of an FLSA collective action." *Puglisi*, 2014 WL 702185, at *6 (internal quotation marks omitted); *see also Citigroup Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y.2011).

Accordingly, defendants shall provide to plaintiffs the requested names, addresses, telephone numbers (both home and mobile), and dates of employment of these non-exempt employees in an agreed-upon electronic format within 10 days of the date of this order.

Place, Language, and Publication of Notice

Plaintiffs also request to have the notice of pendency published in local Spanish periodicals and to have the notice posted at defendants' place of business, in conspicuous places, in both English and Spanish. Mot. 8-10; *see also, e.g.*, *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010); *Lujan v. Cabana Mgmt., Inc.*, 10-CV-755, 2011 WL 317984, at *14-15 (E.D.N.Y. 2011); *Gortat v. Capala Bros., Inc.*, 07-CV-3629, 2010 WL 1423018, at *12 (E.D.N.Y. Apr. 9, 2010). Defendants do not oppose any of these requests, and the Court finds that these notification methods are reasonably calculated to reach the targeted audience. *See generally* Opp'n 8-11.

Plaintiffs also proposed a 60-day opt-in window, which defendants have not opposed. *See generally* Proposed Notice of Pendency, Nov. 8, 2013, DE [15-6]; Opp'n 8-11. Sixty days is a reasonable length of time for a notification period, and other courts in this district have granted requests for similar periods. *See, e.g.*, *Barry v. S.E.B. Serv. Of N.Y., Inc.*, 11-CV-5089, 2013 WL 6150718, at *11 (E.D.N.Y. Nov. 22, 2013) ("the 60-day opt-in window that plaintiffs propose is appropriate").

Accordingly, the notice of pendency shall be published in local Spanish periodicals and posted at the defendants' place of business in both English and Spanish for at least the duration of the 60-day opt-in period. The notification process shall commence within 14 days of the date of this order.

## CONCLUSION

For the foregoing reasons, the motion for conditional certification of the collective action is GRANTED. The parties shall engage in the notification process in accordance with this order.

Dated: Central Islip, New York
July 7, 2014

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge