```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
```

MAXIMINO RIVERA, and all other non-exempt employees similarly situated,

                Plaintiff,

  -against-

HARVEST BAKERY INC., ROBERT MARCONTI, and JOSE GONZALES,

                Defendants.
```
----------------------------------------------------------------------x
```

FILED
CLERK
9/18/2015 4:39 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION AND ORDER**
13-cv-00691(ADS)(AYS)

**APPEARANCES:**

**LAW OFFICE OF PETER A. ROMERO**
*Attorney for the Plaintiff*
20 Irving Johnson Street
East Northport, NY 11731
    By:    Peter A. Romero, Esq., Of Counsel

**ZABELL & ASSOCIATES, P.C.**
*Attorneys for the Defendants*
1 Corporate Drive, Suite 103
Bohemia, NY 11716
    By:    Saul D. Zabell, Esq., Of Counsel

**SPATT, District Judge:**

    This is an action by bakery employees to recover unpaid wages.

    On February 6, 2013, the Plaintiff Maximino Rivera ("Rivera" or the "Plaintiff") commenced this action against his former employer, the Defendant Harvest Bakery Inc. (the "Bakery") and its owners, the Defendants Robert Marconti ("Marconti") and Jose Gonzales ("Gonzales," together with the Bakery and Marconti, the "Defendants"), alleging violations of the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL"). Rivera commenced the action on his own behalf and on behalf of other employees similarly situated.

On April 19, 2013, United States Magistrate Judge Gary R. Brown entered a scheduling order, which fixed the deadline for motions to join new parties or amend the pleadings at August 2, 2013.

On June 18, 2013, one Miguel Roldan ("Roldan") consented to being an opt-in Plaintiff in the case.

On November 8, 2013, Rivera and Roldan filed a motion for conditional certification of this matter as a collective action.

On July 7, 2014, Judge Brown issued an Order granting the motion for conditional certification and establishing a procedure for providing notice of the collective action to additional potential opt-in plaintiffs. In particular, Judge Brown found that the Plaintiff had satisfied his burden under the FLSA of demonstrating that other non-exempt Bakery employees typically worked more than 40 hours per week; that their job duties included non-exempt tasks, such as packaging bread, washing bakeware, cleaning the premises, and unloading truck deliveries; and that they were not paid overtime wages for hours worked in excess of 40. Judge Brown directed that notice of this action be sent to non-exempt employees who worked for the Bakery within the past six years and that such notice be published in both English and Spanish periodicals. He also directed the Bakery to provide the Plaintiff with the names, addresses, telephone numbers, and dates of employment

of potentially impacted employees. Judge Brown fixed a 60-day opt-in window that the Plaintiff asserts expired on October 2, 2014.

On September 16, 2014, one Oscar Quintanilla ("Quintanilla") consented to being an opt-in Plaintiff in this case.

On December 4, 2014, Rivera filed a motion, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 15 and 21, seeking leave of the Court to amend the complaint and add new parties. This motion to amend is presently before the Court.

## I. Background

### A. The Facts Contained in the Original Complaint

The Bakery is a domestic corporation with a principal place of business in Central Islip, New York. Marconti and Gonzalez are the Bakery's owners. The Plaintiff alleges that these men hold the titles of President and Chief Executive Officer, although the complaint does not specify which Defendant holds which position. It is alleged that both men are authorized to make payroll and personnel decisions on the Bakery's behalf.

The Plaintiff was employed by the bakery from June 2010 to November 2012 and was primarily responsible for packaging bread for wholesale distribution. The Plaintiff alleges that from June 2010 to September 2012 he regularly worked in excess of 40 hours per week, and sometimes as many as 12 hours per day without a meal break. He further alleges that, during this period, he was paid a weekly salary of between $230 and $400 for approximately 90 hours of non-exempt work.

From September 2012 to November 2012, the Plaintiff allegedly worked forty hours per week and was paid a weekly salary of $230 to $320.

Based on these allegations, the Plaintiff asserts the following causes of action: (i) failure to pay overtime wages, in violation of the FLSA; (ii) failure to pay overtime wages, in violation of the NYLL; (iii) failure to pay the federal minimum wage, in violation of the FLSA; (iv) failure to pay the New York State minimum wage, in violation of the NYLL; (v) failure to pay "spread of hours" pay, in violation of the NYLL; and (vi) failure to provide the Plaintiff with (a) notice of his rate of pay, (b) the basis of his rate of pay, (c) his regular pay day, (d) the name, address, and telephone number of his employer, and (e) other information required under the NYLL.

In addition, the complaint alleges that other current and former Bakery employees are similarly situated to the Plaintiff, and have also been denied their legal wages by the Defendants, in violation of the FLSA. Accordingly, the Plaintiff asserts that the first and third causes of action, namely, the failure to pay federal overtime and minimum wages, are appropriate to proceed under the collective action provisions of the FLSA.

**B. The Additional Facts Contained in the Proposed Amended Complaint**

In support of the instant motion for leave to amend, the Plaintiffs submit a proposed amended complaint ("PAC") for the Court's review. Initially, the Court notes that the PAC names Rivera, Roldan, and Quintanilla as co-Plaintiffs in the action. In addition, the following additional facts are contained in the PAC:

Roldan was employed by the Bakery from June 2011 to May 2012. He performed non-exempt work for the Defendants, including decorating and packaging bread and cookies; operating a machine that wrapped bread and cookies; cleaning and washing bakeware; mopping and cleaning the premises; and unloading deliveries from trucks.

Quintanilla was employed by the Bakery from an unspecified date in 2011 until April 2014. He also performed non-exempt work for the Defendants, including packing products in the Defendants' warehouse. Similar to Rivera, it is alleged that these two proposed Plaintiffs regularly worked in excess of forty hours per workweek, sometimes for more than ten consecutive hours without a meal break, but did not receive the legally-mandated time-and-a-half pay for hours worked in excess of forty. It is further alleged that these Plaintiffs did not receive spread-of-hours pay for each day in which they were required to work more than ten hours.

Of importance, in addition to asserting that the first and third causes of action are appropriate to proceed on a collective basis, the Plaintiffs now assert that their claims under the NYLL are appropriate to proceed on a class basis under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23.

**C.   The Instant Motion**

The Plaintiff now moves, pursuant to Fed. R. Civ. P. 15 and 21, for an order granting leave of the Court to file the PAC. In support of his motion, he asserts that the Defendants would not be prejudiced by such relief because the proposed amendments do not materially alter the factual scenario alleged in the original

5

complaint. In addition, the Plaintiff asserts that the case has not advanced to a stage that would make amendment problematic – no trial date has been set and no motion for summary judgment has been filed. Finally, the Plaintiff asserts that, because the caption in the original complaint indicated that the case was commenced on Rivera's behalf and on behalf of all similarly situated employees, the Defendants received notice that more potential plaintiffs might opt into the action.

In opposition, the Defendants contend that the Plaintiff's delay in seeking to amend the complaint is "inordinate." In this regard, the Defendants assert that the instant motion was made more than one year after the applicable deadline established by Judge Brown. The Defendants further assert that they are "prejudiced" by the Plaintiff's failure to make its motion sooner, but do not specify any non-conclusory way in which they have been or will be prejudiced by the relief sought. Rather, the Defendants state only that:

> [They] are prejudiced by Plaintiffs' failure to file the instant motion until one (1) year and four (4) months after the Court's deadline for such motion practice. Defendants are also prejudiced by the additional litigation time and expense required to be spent as a result of any such amendment. Therefore, Plaintiffs' motion should be denied.

See Def.'s Memo of Law at 4.

Perhaps acknowledging their lack of any identifiable prejudice, the Defendants contend that their burden of demonstrating prejudice is lessened as a result of the Plaintiff's delay. See id. ("The longer the period of an unexplained delay, the less will be required of the non-moving party in terms of showing

6

prejudice" (quoting Prince v. Suffolk County Dep't of Health Servs., 89-cv-7243, 1995 U.S. Dist. LEXIS 4206, at *18 (S.D.N.Y. Mar. 31, 1995)).

The Court will now consider the parties' contentions.

## II. Discussion

### A. The Applicable Legal Standards

" 'When a party requests leave to amend his complaint, permission generally should be freely granted.' " Sky Med. Supply Inc. v. SCS Support Claims Servs., 17 F. Supp. 3d 207, 237 (E.D.N.Y. 2014) (quoting Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013)). Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires." This standard is permissive and " 'justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.' " M.E.S., Inc. v. Safeco Ins. Co. of Am., 10-cv-2798, 2014 U.S. Dist. LEXIS 88107, at *7 (E.D.N.Y. June 27, 2014) (quoting S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Building 1 Housing Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979)).

### B. As to Whether Leave Should be Granted to Amend the Complaint

In this case, the Defendants have failed to demonstrate any substantial basis for denying the Plaintiff leave to amend the complaint. Although the motion was made on December 4, 2014, long after the deadline established in Judge Brown's initial scheduling order, the Court is not convinced that the delay was "undue" or "inordinate," as the Defendants assert. On the contrary, pursuant to Judge Brown's

7

order conditionally certifying the Plaintiff's federal claims to proceed on a collective basis, potential plaintiffs had until October 2, 2014 to opt into the case. Therefore, the Plaintiff could not seek to amend the complaint before that date, as the identities of all possible opt-in plaintiffs had not yet been known.

Further, in the Court's view, the proposed amendment does not disrupt the timely adjudication of this matter. As the Plaintiffs correctly point out, this case is not trial-ready and no dispositive motion is presently pending. On the contrary, a second motion by the Plaintiffs to certify a class pursuant to Fed. R. Civ. P. 23 is pending before the Court.

In addition, the PAC does not add any new claims for relief and does not materially alter the facts upon which the existing causes of action are premised. Rather, the PAC seeks only to add as named parties the opt-in Plaintiffs; provide allegations relating to their employment, which are substantially similar to those already alleged with respect to Rivera; and to prosecute the existing NYLL claims on a class-wide basis. In the Court's view, it is unlikely that these amendments will result in substantial additional discovery, and permitting the Plaintiff to broaden the scope of relief will be consistent with the Court's "strong preference for resolving disputes on the merits." M.E.S., Inc., 2014 U.S. Dist. LEXIS 88107, at *7 (quoting Williams v. Citigroup, Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)).

Finally, as noted above, the Defendants have not identified any particular prejudice that they will suffer if the proposed amendments are authorized by the Court.

Based on the foregoing, the Court finds that justice will be served by granting the Plaintiffs leave to file the PAC. Accordingly, the instant motion is granted.

### III. Conclusion

For the reasons set forth in this opinion, the Plaintiffs' motion for leave to amend the complaint is granted. The Plaintiffs are directed to electronically file the PAC within 20 days of the date of this order.

It is

**SO ORDERED**

Dated: Central Islip, New York
September 18, 2015

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge