UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MAXIMINO RIVERA, MIGUEL ROLDAN,
and OSCAR QUINTANILLA, and all other
non-exempt employees similarly situated,

                            Plaintiffs,          **REPORT AND**
                                              **RECOMMENDATION**
           -against-                  CV 13-00691 (ADS)(AYS)

HARVEST BAKERY INC., ROBERT
MARCONTI, and JOSE GONZALEZ,

                            Defendants.
--------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

        Plaintiffs Maximino Rivera ("Rivera"), Miguel Roldan ("Roldan") Oscar Quintanilla

("Quintanilla"), and opt-in Plaintiff Rene Galvez (collectively "Plaintiffs") bring this class and

collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and

New York Labor Law §§ 65, et seq. ("NYLL") against  Harvest Bakery Inc. ("Harvest"), Robert

Marconti ("Marconti"), and Jose Gonzalez ("Gonzalez") (collectively "Defendants") to, inter

alia, recover hourly, overtime, and spread of hours wages. Presently before this Court, upon

referral for Report and Recommendation by the Honorable Arthur D. Spatt, is Plaintiffs' motion

for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56.

Plaintiffs seek judgment as to Defendants' liability (but not damages) under both the FLSA and

NYLL.

        This Court respectfully recommends that Plaintiffs' motion be granted in part and denied

in part. Specifically, it is recommended that the motion be granted in all respects, except as to the

determination of the proper FLSA statute of limitations, and as to any claims of liquidated

damages under the NYLL prior to November 24, 2009. As to these issues, the presence of a

material issue of fact as to Defendants' willfulness requires that summary judgment be denied. Thus, it is recommended that judgment be entered establishing Defendants' liability on all claims, except with respect to the issues identified above which must proceed to trial.

BACKGROUND

I.    <u>Factual Background</u>

The facts set forth below are gleaned from the Court's review of the parties' statements submitted pursuant to Rule 56.1 of the Local Rules of this Court, and documents annexed thereto. The facts are undisputed except as noted.

Defendant Harvest Bakery is a New York corporation that operates a commercial bakery and has both a production and storage facility. Plaintiffs' Rule 56.1 Statement of Undisputed Facts ("Pls.' 56.1") ¶ 1, Docket Entry ("DE") [113-1]. Defendant Robert Marconti is the President and Chief Executive Officer of Harvest and has authority to male payroll and personnel decisions. <u>Id.</u> ¶ 2. Defendant Jose Gonzalez is a Vice President at Harvest who supervises the production of employee and also has the authority to make payroll and personnel decisions. <u>Id.</u> ¶ 3. Marconti and Gonzalez each own a fifty percent share of Harvest. <u>Id.</u> ¶ 4.

Production employees at Harvest are paid on an hourly basis. Pls.' 56.1 ¶ 5. Defendants utilize a scanner system to track the amount of time worked by their employees. <u>Id.</u> ¶ 6. Employees were required to scan in and out at the beginning and end of their shifts. <u>Id.</u> ¶ 7. Harvest production employees also received a thirty minute meal break for which they were also required to clock-in and out at the beginning and end of their thirty minute meal period. <u>Id.</u> ¶¶ 8-9. Defendants note that on occasion, employees would fail to clock out for their meal break. Defendants' Rule 56.1 Counterstatement of Material Facts In Dispute ("Defs.' 56.1") ¶ 9, DE [112]. The pay period for Harvest production workers began on Thursday morning and ended on

2

Wednesday night. Id. ¶ 10. Some of Defendants' employees, including the Plaintiffs, received a portion of their weekly pay in cash as well as by check. See Deposition of Robert Marconti dated March 25, 2015 ("Marconti Dep.") at Tr. 36:4-25, DE [120-2]; see also Deposition of Maximino Rivera Chavez dated March 27, 2015 ("Rivera Dep.") at Tr. 38:2-7, DE [121-3]; see also Deposition of Miguel Roldan dated April 15, 2015 ("Roldan Dep.") at Tr. 36:8-19, DE [121-4]; see also Deposition of Oscar Quintanilla ("Quintanilla Dep.") at Tr. 10:2-11:14, DE [121-5]. Defendants did not maintain any records of the cash that was paid to any of its employees. Marconti Dep. Tr. at 37:16-23. However, there is no dispute that Plaintiffs were paid for all hours worked. Rivera Dep. at Tr. 38:5-7; see also Roldan Dep. at Tr. 23:10-13; see also Quintanilla Dep. at Tr. 10:10-11:14.

From June 2010 to November 2012, Plaintiff Rivera was employed by Defendants as a production worker. Pls.' 56.1 ¶ 11. During his employment, Rivera performed non-exempt duties, including the packing of breads for wholesale distribution. Id. ¶ 12. When hired in June 2010, Rivera earned $7.25 per hour, the minimum wage at that time. Id. ¶ 13; Defs.' 56.1 ¶ 13. During some weeks Rivera would work more than forty (40) hours. Pls.' 56.1 ¶ 14. For the weeks in which Rivera worked more than forty hours, Defendants did not pay Rivera at a rate of 1.5 times his regular rate for hours worked in excess of forty hours. Id. ¶ 15. Rivera claims that he sometimes worked more than ten (10) hours in a single workday. Id. ¶ 16; Rivera's Timecard Report, DE [42-6]. While Defendants dispute this assertion, see Defs.' 56.1 ¶ 16, all parties agree that Defendants did not pay Rivera "spread-of-hours" pay, as that term is used in the NYLL to describe payment of an additional hour of pay during days when, inter alia, the beginning and end of an employee's work day span more than a ten hour time period. Pls.' 56.1 ¶ 17.

From June 2011 to February 2013, Plaintiff Roldan was employed by Defendants as a production worker. Pls.' 56.1 ¶ 18.  On occasion, Roldan worked more than forty (40) hours per week. Pls.' 56.1 ¶ 19. For the weeks in which Roldan worked more than forty hours Defendants did not pay Roldan at a rate of 1.5 times his regular rate for hours worked in excess of forty hours. Id. ¶ 20. Roldan claims that he sometimes worked more than ten (10) hours in a single workday. Id. ¶ 21; Roldan's Timecard Report, DE [42-7]. While Defendants dispute this assertion, see Defs.' 56.1 ¶ 21, all parties agree that Defendants did not pay Roldan spread-of-hours-pay. Pls.' 56.1 ¶ 22.

From February 9, 2012 to April 18, 2014, Plaintiff Quintanilla was employed by Defendants as a production worker. Pls.' 56.1 ¶ 23. When hired in February 2012, Quintanilla earned $7.25 per hour. Id. ¶ 24. Some weeks Quintanilla would work more than forty (40) hours. Pls.' 56.1 ¶ 25. For the weeks in which Quintanilla worked more than forty hours Defendants did not pay him at a rate of 1.5 times his regular rate for hours worked in excess of forty hours. Id. ¶ 26. Quintanilla claims that he sometimes worked more than ten (10) hours in a single workday. Id. ¶ 27; Quintanilla's Timecard Report, DE [42-8]. While Defendants dispute this assertion, see Defs.' 56.1 ¶ 27, all parties agree that Defendants did not pay Quintanilla spread-of-hours-pay. Pls.' 56.1 ¶ 28.

II.     Procedural Background

Plaintiff Rivera commenced this action on February 6, 2013 alleging violations of the FLSA and NYLL. See Compl. DE [1]. Rivera alleged that the Defendants: (i) failed to pay him overtime in violation of FLSA § 207(a)(1); (ii) failed to pay him overtime in violation of Section 142-2.2 of Title 12 of the New York Code of Rules and Regulations ("NYCRR"); (iii) failed to pay him the federal minimum wage as set forth in FLSA § 2016(a)(1); (iv) failed to pay him the

New York minimum wage as set forth in Section 146-1.2 of Title 12 of the NYCRR; (v) failed to

pay him spread of hours wages in violation of Section 142-2.4 of Title 12 of the NYCRR; and

(vi) failed to comply with the notice and recordkeeping requirements set forth in NYLL§ 195.

Compl. ¶¶ 63-94. Defendants then filed an answer, see DE [5], and following the initial

conference, discovery commenced. See DE [9]. On June 18, 2013, Plaintiff Roldan filed a

consent form to become part of the collective action pursuant to FLSA § 216. See De [11].

On November 8, 2013, Rivera filed a motion to conditionally certify a collective action

pursuant to FLSA § 216(b) of:

> [a]ll non-exempt employees of Defendants . . . who performed duties, including
> but not limited to, assisting in packing and baking, cleaning bake-ware,
> maintaining and cleaning the premises, and unloading truck deliveries at any time
> during the three (3) years prior to the filing of their respective consent forms.

Plaintiff's Memorandum of Law For Conditional Certification of a Collective Action at

6, DE [16].[1]  Plaintiff's motion to conditionally certify a collective action was granted on

July 7, 2014. DE [24]. On September 6, 2014, Quintanilla filed a consent to become part

of the collective action. DE [27]. On May 1, 2015, Galvaz filed a notice of consent to

opt-into the collective action.

On April 3, 2015, Plaintiffs moved to certify a class action pursuant to Fed. R.

Civ. P. 23(b)(3). DE [23]. On January 25, 2016, Plaintiffs' motion was granted and the

Court certified a class defined as "all current and former non-exempt hourly employees

who worked for the Harvest Bakery in the State of New York at any time from the six (6)

years prior to the filing of this complaint to the entry of judgment in the case." DE [65].

---

1. For ease of reference, page references to documents appearing on the docket herein are those
assigned to the document as electronically filed.

III.     The Motion

Plaintiffs move for partial summary judgment, seeking entry of judgment as to liability with respect to all Defendants under the FLSA and NYLL. The court now turns to discuss the legal principles applicable to the motion, and to the disposition thereof.

DISCUSSION

I.     Legal Principles: Standards on Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248. When considering a motion for summary judgment, the Court must draw all inferences from the underlying facts in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. Moreover, the party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' ... because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary

6

judgment motions." <u>Maco v. Baldwin Union Free Sch. Dist.</u>, 2017 WL 1373425, at * 3 (E.D.N.Y. April 13, 2017) (citing <u>Brady v. Town of Colchester</u>, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." <u>Id</u>.

II.     <u>Legal Principles: Plaintiffs' Claims</u>

Collectively, the named Plaintiffs argue that they were employed by Defendants from 2010 through 2014. However, this case may also implicate workers employed prior to 2009. The relevant federal and state minimum wage and overtime provisions applicable to this period are set out below.

A.     <u>The FLSA</u>

The FLSA, 29 U.S.C. § 201 *et seq.,* seeks to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). It provides minimum wage and overtime pay requirements for covered, non-exempt employees.

Section 206 sets forth the applicable minimum wage at a rate of $7.25 an hour. The statute provides that:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $7.25 an hour[.]

29 U.S.C. §206(a).

Section 207 includes the FLSA's overtime requirements. It provides that non-exempt covered employees shall be paid at a rate not less than one and one-half times their regular rate of pay for any hours worked over forty within a workweek:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

      B.    <u>The NYLL</u>

The NYLL provides for minimum wage and overtime provisions similar to those of the FLSA. Under section 652 of the NYLL, the minimum wage between January 1, 2007 and December 31, 2013 was $7.15 "or, if greater, such other wage" as is established pursuant to the FLSA:

> Every employer shall pay to each of its employees for each hour worked a wage of not less than  . . . $7.15 . . . or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors or such other wage as may be established in accordance with the provisions of this article.

N.Y. Lab. Law. § 652(1).

Section 142-2.1 of the New York Rules and Regulations sets the minimum wage at $7.25 per hour for the period from July 24, 2009 to December 31, 2013:

> (a) The basic minimum hourly wage rate shall be . . . $7.25 per hour on and after July 24, 2009; . . .  or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors.

> (b) The minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer, and shall include time spent in traveling to the extent that such traveling is part of the duties of the employee.

8

12 N.Y.C.R.R. § 142-2.1.[2]

With respect to overtime pay, the NYLL adopts the same standard as the FLSA. See Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Section 142-2.2 of the New York Rules and Regulations states, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq." 12 N.Y.C.R.R. § 142–2.2.

The NYLL also provides that employees shall receive "spread of hours pay", which entitles employees to an extra hour of pay (at the basic minimum hourly rate) for each day in which the interval between the beginning and end of the workday is longer than ten hours where:

(a) the spread of hours exceeds 10 hours; or

(b) there is a split shift; or

(c) both situations occur.

12 N.Y.C.R.R. § 142-2.4. The spread of hours pay has been determined to only apply "to those employees making minimum wage and not to those making more than minimum wage." Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 281 (E.D.N.Y. 2015) (citation omitted).

III.    Disposition of Plaintiffs' Claims

A.    Unpaid Overtime

Plaintiffs move for summary judgment on their claim that Defendants failed to pay overtime wages as required by the FLSA and the NYLL. To establish liability for unpaid overtime under the FLSA, an employee must prove that he "performed work for which he was

---

2. On December 31, 2013, the applicable New York State minimum wage increased from $7.25 to $8.00 per hour. See https://labor.ny.gov/stats/minimum_wage.shtm.

not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011). An employer is required to maintain records of wages and hours, see 29 U.S.C. § 211(c); 29 C.F.R. § 516.2, and if he fails to do so, the employee "will not be penalized due to [his] employer's record-keeping default," Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 69 (2d Cir. 1997).  Accordingly, when an employer's records are "inaccurate or inadequate," "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in Sandifer v. U.S. Steel Corp., 134 S. Ct. 870, 875 (2014).

In the absence of sufficient records, an employee may meet his burden by testifying as to his own recollection of the hours worked. Kuebel, 643 F.3d at 362. Such testimony will presumptively establish the fact of a violation and injury. The burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Reich, 121 F.3d at 69 (quoting Anderson, 328 U.S. at 687–88 (internal quotation marks omitted)). If the employer fails to meet his burden, "the court may award damages, even though the result is only approximate." Id.

Plaintiffs allege that Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours as required by the FLSA. Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment ("Pls.' Mem.") at 8, DE [120-5]. Defendants claim that Plaintiffs were paid for every hour worked, and that no overtime compensation is owed. Defendants'

Memorandum of Law in Opposition ("Defs.' Opp.") at 9-10, DE [121]. However, there is no dispute amongst the parties that the Plaintiffs were paid at their regular rate of pay (at not at a rate of one and one half times that rate) for hours worked in excess of 40 hours per week. Defendants do not deny that they failed to pay overtime compensation. Rather, Defendants rely on Lupien v. City of Marlborough, 387 F.3d 83 (1ˢᵗ Cir. 2004), to argue that Plaintiffs are not able to demonstrate damages due to the fact that they were compensated for each hour worked. See Defs.' Opp. at 9-10.

A review of the record clearly indicates, and it is acknowledged by all parties, that during some weeks Plaintiffs worked in excess of 40 hours. The record also reveals, and Defendants do not dispute, that Plaintiffs were not paid at the overtime rate of pay for hours worked in excess of 40 hours. It is therefore beyond dispute that Plaintiffs are entitled to some measure of overtime compensation. As the instant motion deals solely with determining liability, the issue of determining damages is not before the Court at this time, and is to be proven at trial. Thus, Defendants' reliance on Lupien, a case that determines the appropriate measure of damages, is premature at best.

For the foregoing reasons, this Court recommends that summary judgment be granted on Plaintiffs' claims that Defendants failed to compensate them at the appropriate rate for overtime hours worked under the FLSA and NYLL. The particular amount due to any Plaintiff is an issue that will be decided at trial.

B.    Spread of Hours Pay Under the NYLL

Plaintiffs move for summary judgment as to liability on their claim that Defendants failed to pay spread of hours wages. As noted, the NYLL provides that if the length of time between the beginning and end of an employee's workday (or the employee's "spread of hours")

surpasses ten hours, requires the employer must pay the employee an additional hour of pay at the minimum wage rate. See Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017) (quoting N.Y. Comp. Codes R. & Regs. tit. 12 ("12 N.Y.C.R.R."), § 146-1.6; Pineda v. Tokana Café Bar Restorant Inc., 2017 WL 1194242, at *3 (S.D.N.Y. Mar. 30, 2017)). The NYLL's spread-of-hours requirement only applies to employees paid at New York's minimum wage rate (aside from restaurant and all-year hotel employees, who are entitled to spread-of-hours pay regardless of pay rate). Id. (quoting Villar v. Prana Hosp., Inc., 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017)).

Plaintiffs contend that because Defendants admit not only that Plaintiffs worked shifts greater than ten hours, but also that they never paid Plaintiffs the spread of hours bonus mandated by the NYLL, they are entitled to summary judgment for their NYLL spread of pay claim. The Court agrees. Pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." Defendants admit that "workers were compensated straight time for each hour worked over forty (40) hours. Defs.' 56.1 ¶ 30. As the documentary evidence reflects that Plaintiffs' regular rate of pay was either minimum wage or below minimum wage, there is no way a reasonable juror could find that Defendants complied with or were exempted from complying with NYLL's spread-of-hours requirement.

For the foregoing reasons, this Court recommends that summary judgment be granted on Plaintiffs' claims that they are entitled to judgment as to their claims for spread of hours compensation. As with respect to their claims of overtime compensation, the particular amount due to any Plaintiff is an issue that will be decided at trial.

C.      Individual Liability Under The FLSA

Next, the Court turns to the claim that Defendants Marconti and Gonzalez, in addition to

Harvest, can be properly classified as Plaintiffs' employers, and therefore held individually

liable. See 29 U.S.C. § 207; D'Arpa v. Runway Towing Corp., 12-CV-1120, 2013 WL 3010810,

at *13 (E.D.N.Y. June 18, 2013). The FLSA defines "employer" as "any person acting directly

or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

To determine whether an individual is an "employer" under the FLSA, the Second Circuit

utilizes the economic realities test. That test focuses on "whether the alleged employer (1) had

the power to hire and fire the employees, (2) supervised and controlled employee work schedules

or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records." Irizarry v. Catsimatidis, 722 F.3d 99, 104-05 (2d Cir. 2013) (citation

omitted); see also Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 422 (2d Cir. 2016) (applying

factors in FMLA context). In addition, the analysis depends on whether the defendant had

"operational control" over employees. Irizarry, 722 F.3d at 110. Operational control does not

necessarily require direct contact with employees and workplaces.  It requires essentially, that

the employer exercises control over and makes decisions that "directly affect the nature or

conditions of the employees' employment." Id.

The NYLL's definition of "employer" mirrors that of the FLSA. NYLL §§

190(3), 651(6); Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 511 (S.D.N.Y.

2015) (holding that "'district courts in this Circuit have consistently interpreted the definition of

'employer' under the New York Labor Law coextensively with the definition used by

the FLSA'") (quoting Ho v. Sim Enters. Inc., 2014 WL 1998237, at *10 (S.D.N.Y. May 14,

2014)); Santillan v. Henao, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) ("New York's Labor Law is the state analogue to the federal FLSA").

Here, it is undisputed in the evidentiary record that Marconti is the President and Chief Executive Officer of Harvest and has authority to make payroll and personnel decisions. Pls.' 56.1 ¶ 2. It is also undisputed that Gonzalez is a Vice President at Harvest. He supervises the production employees and also has authority to make payroll and personnel decisions. Id. ¶ 3. Further, as Defendants have not opposed Plaintiffs' motion for partial summary judgment with respect to Defendants' joint and several liability, there is no genuine issue of material fact with respect to this claim.

For the foregoing reasons, this Court recommends that summary judgment be granted on Plaintiffs' claims that Marconti and Gonzalez be held jointly and severally liable with Harvest for any damages that are proven at trial.

D.      Claim that the FLSA Statute of Limitations Should be Three Years

The statute of limitations under the FLSA is generally two years, but extends to three years for willful violations: "every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); see Guardado v. 13 Wall St., Inc., No. 15 CV 02482, 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016), report and recommendation adopted, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016).

Under the FLSA, the plaintiff bears the burden of proving willfulness for the purposes of expanding the statute of limitations to three years. See Eschmann v. White Plains Crane Serv., Inc., No. 11 CV 5881, 2014 WL 1224247, at *9 (E.D.N.Y. Mar. 24, 2014). Courts have held that

the standard for determining willful behavior is whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999) (holding modified by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

An employer's claim that it believed that an employee was exempt from the requirements of the FLSA based on the non-hourly rates of pay of its employees has been held to be insufficient on its own to show that the employer's belief was a reasonable one. In D'Arpa v. Runway Towing Corp., the defendants "assert[ed] in conclusory fashion that 'the Court should apply the two year limitations period ... because the defendants had a reasonable belief that they were exempt from the FLSA because they were engaged in both interstate [and] intrastate commerce and their actions were not willful.'" No. 12 CV 1120, 2013 WL 3010810, at *5 (E.D.N.Y. June 18, 2013). The court rejected that argument, holding that "Defendants are not exempt from the FLSA, nor does the record contain any evidence that would permit them to reasonably believe they were exempt." Id. (internal citations omitted). In addition, employers who have paid employees in cash and erratically issued W–2s have been found to have willfully violated the FLSA. Id. (granting summary judgment and holding that the three-year statute of limitations applied under the FLSA since "defendants' method of compensating nearly all of the Plaintiffs in cash and their arbitrary issuance of W–2s leads me to conclude, as a matter of law, that Defendants acted willfully").

Here, Plaintiffs argue that the three-year statute of limitations for violations of the FLSA should apply because Defendants' actions of paying employees in cash at the regular rate of pay for hours worked in excess of forty hours per week demonstrate that their FLSA

15

violations were willful. See Pls.' Mem. at 11. Defendants argue that all employees were issued W-2 forms and were paid by check for the first forty hours in a workweek, and that most employees were paid by check for hours worked in excess of forty hours each week, except for employees who requested to receive cash. See Defs.' Opp. at 13-14; see also Marconti Dep. Tr. 36:13-25.  Defendants aver that each Plaintiff testified that they were paid for each hour they worked. Rivera Dep. Tr. 38:5-7; Roldan Dep. Tr. 23:10-13; Quintanilla Dep. Tr. 10:10-11:14.

At this stage, the Court finds that there are significant issues of fact as to whether Defendants acted willfully in failing to pay Plaintiffs any overtime wages they are owed. Thus, the Court is not in a position to determine whether to extend the FLSA statute of limitations to three years.

The Court observes that, in contrast to FLSA claims, NYLL claims have a six-year statute of limitations, and those claims do not require a showing of willfulness. Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015); Gurung v. Malhotra, 851 F. Supp. 2d 583, 591 (S.D.N.Y. 2012) (holding that, "the statute of limitations for NYLL claims—willful or not—is six years"). Here, since Plaintiffs bring their claims under both the NYLL and FLSA, their overtime wage claims pursuant to the NYLL extend back six years prior to the filing of the Complaint. Thus, even if Plaintiffs are unable to prove willfulness for the purposes of the FLSA statute of limitations, they will nonetheless be able to pursue their NYLL claims for a period of time in excess of three years.

E.    Liquidated Damages under the FLSA and NYLL

At the outset, the Court notes that cumulative liquidated damages are no longer available under both the FLSA and NYLL. In a Summary Order issued on December 7, 2016, the Second Circuit interpreted the NYLL to preclude the recovery of double liquidated damages under both

16

the NYLL and FLSA. <u>Chowdhury v. Hamza Express Food Corp.</u>, 666 F. App'x 59, 61 (2d Cir.

2016). The court stated that:

> whatever reasons existed to award liquidated damages under the relevant
> provisions of both the FLSA and the NYLL before 2010, we read the subsequent
> amendments to the NYLL provision, which brought it into substantial conformity
> with the FLSA provision, as having eliminated those reasons. Today the NYLL
> and FLSA liquidated damages provisions are identical in all material respects,
> serve the same functions, and redress the same injuries. In the absence of any
> indication otherwise, we interpret the New York statute's provision for liquidated
> damages as satisfied by a similar award of liquidated damages under the federal
> statute.

<u>Id.</u> Courts in this circuit have since relied on the Second Circuit's Summary Order to

disfavor an overlapping award of liquidated damages under both the FLSA and the NYLL for the

same period of time. <u>See</u> <u>Changxing Li et al. v. Kai Xiang Dong et al.</u>, No. 15 CV 7554, 2017

WL 892611, at *14 (S.D.N.Y. Mar. 7, 2017) (holding that "in keeping with the Second Circuit's

Chowdhury decision, the 'prevailing view' of district court decisions in this Circuit, as well as

this Court's previous rulings that plaintiffs should not be awarded liquidated damages under both

the FLSA and the NYLL for the same time period, plaintiffs are entitled to single liquidated

damages at the state statutory rate of 100% on their minimum, overtime, and spread of hour

wage claims"); <u>Luna v. Gon Wav Constr., Inc.</u>, No. 16 CV 1411, 2017 WL 835321, at *15

(E.D.N.Y. Feb. 14, 2017), <u>report and recommendation adopted,</u> No. 16 CV 1411, 2017 WL

835174 (E.D.N.Y. Mar. 2, 2017) (recommending that "the District Court find that Plaintiffs are

permitted to recover liquidated damages for unpaid wages and unpaid overtime under the greater

of the FLSA or NYLL"); <u>Granados v. Traffic Bar & Rest., Inc.</u>, No. 13 CV 0500, 2016 WL

7410725, at *4 (S.D.N.Y. Dec. 21, 2016)(recommending that the district judge "follow[ ]

Chowdhury's teaching in this instance and disallow[ ] 'stacked' liquidated damages for unpaid

wages accrued after April 9, 2011").

Therefore, if Plaintiffs were to be awarded damages under the FLSA and the NYLL for

an overlapping period of time, this Court recommends that they only be entitled to liquidated

damages under the statute that provides for the greater award for that overlapping period.

       1.   FLSA Liquidated Damages

Plaintiffs seek liquidated damages under both the FLSA and NYLL. Defendants'

opposition is silent on the issue of liquidated damages under the FLSA. Thus, Defendants have

failed to oppose Plaintiffs' motion for partial summary judgment with respect to this claim.

Under the FLSA, a district court is generally required to award liquidated damages equal

in amount to actual damages." Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 150 (2d

Cir. 2008) (citing 29 U.S.C. § 216(b)). District courts have discretion, however, "to

deny liquidated damages where the employer shows that, despite its failure to pay appropriate

wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that

its acts or omissions did not violate the FLSA." Id. (citing 29 U.S.C. § 260). An employer's

burden of proof on making such showing is "a difficult one," as good faith requires "active steps

to ascertain the dictates of the FLSA and ... act[s] to comply with them." Id. (quoting Herman v.

RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999)).

As Defendants' have failed to oppose this claim and establish a good-faith basis for

having failed to pay overtime wages, summary judgment must be granted as to Defendants'

liability for liquidated damages under the FLSA.

       2.   NYLL Liquidated Damages

Under the NYLL, liquidated damages are awardable in an amount equal to the unpaid compensation "unless the employer can show that it acted in good faith." Valdez v. H & S Rest. Operations, Inc., 2016 WL 3079028, at *6 (E.D.N.Y. Mar. 29, 2016); see N.Y. Lab. Law § 663(1), (2).  The NYLL's liquidated damages provision changed in two ways during the time period when Plaintiffs worked at Harvest. The first change, which took effect on November 24, 2009, altered the burden of proof and mental-state requirement of this provision. See Hengjin Sun v. China 1221, Inc., 2016 WL 1587242, at *3 (S.D.N.Y. Apr. 19, 2016). The second, "effective April 9, 2011," increased the liquidated damages an NYLL plaintiff can recover from 25% of his unpaid wages to 100%. Id. Neither amendment applies retroactively. See McLean v. Garage Mgmt. Corp.,2012 WL 1358739, at *9–10 (S.D.N.Y. Apr. 19, 2012). Before the 2009 amendment altering the mental state required for an employer to be liable for liquidated damages, the NYLL required the employee to prove that an employer's violation of the statute was "willful." See Gamero. 272 F. Supp. 3d at 503. This required a showing that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited." Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 937 (S.D.N.Y. 2013) (quoting Kuebel, 643 F.3d at 366). The 2009 amendment modified this burden of proof, instead requiring the employer to prove good faith, which courts have construed as making the NYLL substantively indistinguishable from the FLSA. See Gamero, 272 F. Supp. 3d at 503 (quoting Inclan, 95 F. Supp. 3d at 505).

The periods for which Plaintiffs seek recovery span the NYLL's amendments regarding liquidated damages, during which the mental state required for such an award became more favorable to plaintiffs by shifting from the employee's proof of "willfulness" to the employer's proof of "good faith."

a.   "Willful" Standard Prior to November 24, 2009

Defendants contend that Plaintiffs have not set forth any evidence demonstrating

Defendants' "willfulness" as required by the NYLL for liquidated damages before November 24,

2009. For the same reasons articulated above with respect to the factual issue of willfulness as to

extension of the FLSA statute of limitations, there are also issues of fact as to whether

Defendants acted willfully in failing to pay any overtime wages prior to November 24, 2009.

Thus, the Court is not in a position to determine whether to grant summary judgment regarding

liquidated damages under the NYLL prior to November 24, 2009.

b.   Good-Faith Belief After November 24, 2009

Based upon the summary judgment record, the Court cannot find that Defendants acted

with reasonable grounds for believing that their wage practices satisfied the NYLL. See,

e.g., Garcia v. JonJon Deli Grocery Corp., 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11,

2015) (rejecting good faith defense where "even assuming there was subjective good faith on the

Defendants' part, Defendants d[id] not point to any misleading advice tendered by either the

accountant or another professional that could support their claim of objectively reasonable

grounds for Defendants' violations"). Here, the record is devoid of any indication that the

Defendants acted in good-faith. Defendants have failed to proffer any evidence of a good-faith

belief that its underpayment of wages was in compliance with the law. Rather, Defendants argue

that they "must be afforded an opportunity to present their good-faith defense belief before the

trier of fact."  Defs.' Opp. at 16.

A party opposing a motion for summary judgment "may not merely rest on the

allegations or denials of his pleading." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).

Rather, its response must, by affidavits or otherwise, "set forth specific facts demonstrating that

20

there is a genuine issue for trial." Id. Therefore, Defendants "may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that trial is needed." R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)).  It is insufficient for Defendants to "'merely to assert a conclusion without supplying supporting arguments or facts.'" BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) (quoting Research Automation Corp., 585 F.2d at 33); Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) ("conclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment").

Accordingly, because Defendants' have failed to a establish a good-faith basis for having failed to pay overtime wages, and a review of the record indicates that no such evidence has been presented, summary judgment must be granted as to Defendants liability for liquidated damages under the NYLL after November 24, 2009.

> F.    The NYLL's Wage Notice and Statement Requirements

New York's Wage Theft Prevention Act (the "WTPA") amended the NYLL on April 9, 2011, to provide for awards of damages if an employer fails to provide wage notices and wage statements containing certain information. See Pineda v. Frisolino, Inc., 2017 WL 3835882, at *12 (S.D.N.Y. Aug. 29, 2017). Two of the WPTA's provisions are relevant here.

The first, NYLL § 195(1), requires employers to provide employees with wage notices within ten days of beginning employment. Gamero, 272 F. Supp. 3d at 509 (quoting Kone v. Joy Contr. Corp., 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016)). Such wage notice must be written "in English and in the language identified by each employee as the primary language of such employee," and must include a variety of information, including "the rate or rates of pay

21

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other[.]" NYLL § 195(1)(a). As a consequence of a February 27, 2015 amendment, employees are entitled to recover statutory damages of $50 "for each work day that the violations occurred or continue to occur," up to a total of $5,000. NYLL § 198(1-b); see Gamero, 272 F. Supp. 3d at 509 n.12. Because the WTPA does not apply retroactively, employees hired after it was enacted, on April 9, 2011, may not bring claims for wage notice violations. See Pineda, 2017 WL 3835882, at *12; Canelas v. A'Mangiare Inc., 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015).

A second provision, NYLL § 195(3), requires employers to provide a statement accompanying every wage payment that states information such as the work dates that the payment covers, identifying information of the employer and employee, and information regarding the employee's rate of pay. "Employers who fail to furnish any sort of wage statement are liable under the statute, as are 'employers ... [who] fail to comply with all of [Section 195(3)'s] enumerated requirements.'" Gamero, 272 F. Supp. 3d at 511 (alterations in original) (quoting Severino v. 436 W. L.L.C., 2015 WL 12559893, at *9 (S.D.N.Y. Mar. 19, 2015)). After the February 27, 2015 amendment to the NYLL, employees are entitled to recover statutory damages of $250 "for each work day that the violations occurred or continue to occur," up to a total of $5,000. NYLL § 198(1-d); Gamero, 272 F. Supp. 3d at 511 n.14.

Here, the record is clear that defendants provided Plaintiffs with neither a wage notice at the outset of their employment nor statements accompanying their wage payments. Defendants do not dispute this. Rather, Defendants argue that they should be afforded an opportunity to present an affirmative defense based on a good faith belief that they were not required to provide such notices. However, Defendants have failed to articulate any basis for such a defense, and the

22

record is devoid of any indication that one exists. Again, "conclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment." Ridinger, 651 F.3d at 317.

Plaintiffs are entitled to damages for Defendants' failure to provide wage notices at the beginning of their employment and regular wage statements. However, the Court notes that Plaintiff Rivera was hired prior to April 9, 2011, and therefore cannot recover under the WPTA for the wage notice violation but can recover for wage statement violation. See e.g., Canelas, 2015 WL 2330476, at *5-6 (awarding summary judgment to plaintiff who was hired before April 9, 2011, on wage statement but not wage notice claims).

G.     Prejudgment Interest

The NYLL allows an employee to collect prejudgment interest on his or her actual damages in addition to, and not compounded on, liquidated damages and damages for wage statement and wage notice violations. See Gamero, 272 F. Supp. 3d at 515. The applicable interest rate under New York law is nine percent per year, and courts tend to use the midpoint of an employee's employment within the limitations period as the start of the period for which interest accrues. Id. This Court recommends that Plaintiff be granted prejudgment interest upon the overtime wages due under the NYLL and, any spread of hours pay that may be awarded at trial.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiffs' Motion for Partial Summary Judgment, appearing as Docket Entry No. 120 herein, be granted in part and denied in part.

Specifically, this Court respectfully recommends that the motion be granted in all respects, except as to the determination of the proper FLSA statute of limitations, and as to any

23

claims of liquidated damages under the NYLL prior to November 24, 2009. As to these issues, the presence of a material issue of fact as to Defendants' willfulness requires that summary judgment be denied. Thus, it is recommended that judgment be entered establishing Defendants' liability on all claims, except with respect to the issues identified above which, in additional to damages, must proceed to trial.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being provided to all counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").


Dated:  Central Islip, New York
        August 17, 2018

                                            /s/ Anne Y. Shields
                                            Anne Y. Shields
                                            United States Magistrate Judge