```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAXIMINO RIVERA, MIGUEL ROLDAN,
and OSCAR QUINTANILLA, and all other
non-exempt employees similarly situated,,

                    Plaintiffs,

          -against-

HARVEST BAKERY INC., ROBERT
MARCONI, and JOSE GONZALEZ,

                    Defendants.
----------------------------------------------------------X
```

FILED
CLERK
11:40 am, Sep 04, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM OF
DECISION & ORDER
2:13-cv-00691 (ADS)(AYS)

**APPEARANCES:**

**Peter Arcadio Romero, Esq., Of Counsel.**
*Counsel for the Plaintiffs*
103 Cooper Street
Babylon, NY 11702

**Frank & Associates, P.C.**
*Counsel for the Plaintiffs*
500 Bi-county Blvd
Farmingdale, NY 11735
    By:    Andrea Rodriguez, Esq., Of Counsel.

**Zabell & Associates, P.C.**
*Counsel for the Defendants*
1 Corporate Drive, Suite 103
Bohemia, NY 11716
    By:    Saul D. Zabell, Esq., Of Counsel.

**SPATT, District Judge**:

On February 6, 2013, plaintiffs Maximino Rivera ("Rivera"), Miguel Roldan ("Roldan") Oscar Quintanilla ("Quintanilla"), and opt-in Plaintiff Rene Galvez (collectively the "Plaintiffs") brought this class and collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 65, *et seq.* ("NYLL") against Harvest Bakery Inc.

1

("Harvest"), Robert Marconti ("Marconti"), and Jose Gonzalez ("Gonzalez") (collectively the "Defendants") to, *inter alia*, recover hourly, overtime, and spread of hours wages.

On October 16, 2017, the Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 56 for partial summary judgment seeking judgment as to Defendants' liability (but not damages) under both the FLSA and NYLL.

On March 2, 2018, the Court referred the Plaintiffs' motion to United States Magistrate Judge Anne Y. Shields for a report and recommendation as to whether the motion should be granted, and if so, what, if any, relief should be given.

On August 17, 2018, Judge Shields issued a Report and Recommendation ("R&R") recommending that:

> Plaintiffs' Motion for Partial Summary Judgment, appearing as Docket Entry No. 120 herein, be granted in part and denied in part. Specifically, this Court respectfully recommends that the motion be granted in all respects, except as to the determination of the proper FLSA statute of limitations, and as to any claims of liquidated damages under the NYLL prior to November 24, 2009. As to these issues, the presence of a material issue of fact as to Defendants' willfulness requires that summary judgment be denied. Thus, it is recommended that judgment be entered establishing Defendants' liability on all claims, except with respect to the issues identified above which, in additional to damages, must proceed to trial.

ECF 125 at 23–24.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Rule 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *Coburn v.*

2

*P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the Court adopts the R&R in its entirety, and the Plaintiffs' motion for summary judgment is granted in part and denied in part for the reasons set out in the R&R.

**SO ORDERED**.

Dated: Central Islip, New York

September 4, 2018

            ___/s/ Arthur D. Spatt_____

            ARTHUR D. SPATT

            United States District Judge